UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Metropolitan Life Insurance Company,<br>*Plaintiff*,<br><br>v.<br><br>Jean Denton, Susan Denton, and Goodrich Funeral Home, Inc.<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. |

**COMPLAINT IN INTERPLEADER**

**NATURE OF THE ACTION**

1. This is an interpleader action brought because of a dispute over life insurance benefits payable under an ERISA-regulated employee benefit plan sponsored and maintained by General Electric ("GE"), and funded by a group life insurance policy issued by Metropolitan Life Insurance Company ("MetLife").

**PARTIES**

2. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the Commonwealth of Massachusetts.

3. Upon information and belief, defendant Susan Denton is the surviving spouse of Leroy Denton (the "Decedent"), and she resides in Lynn, Massachusetts.

4. Upon information and belief, defendant Jean Denton is the surviving ex-wife of the Decedent, and she resides in Melrose, Massachusetts.

5. Upon information and belief, defendant Goodrich Funeral Home, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in Lynn, Massachusetts.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to Rule 22 of the Federal Rules of Civil Procedure, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

7. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), and/or 28 U.S.C. §1391(b), because a defendant/claimant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

8. The Decedent was an employee of GE and a participant in the General Electric Group Life Insurance Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by GE, and funded by a group life insurance policy issued by MetLife.

9. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

10. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

11. The Plan's Summary Plan Description ("SPD") establishes, at page 168,

the right of a Plan participant to name his or her beneficiary, and states that benefits will be paid to the named beneficiary. A true and correct copy of the SPD is attached hereto as Exhibit A.

12. The latest beneficiary designation form on file with the Plan for the Decedent is dated April 17, 2001, and names Susan Denton as the sole primary beneficiary of the life insurance benefits. A true and correct copy of the April 17, 2001 beneficiary designation form is attached hereto as Exhibit B.

13. The Decedent died on May 14, 2009. A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit C.

14. At the time of his death, the Decedent was enrolled under the Plan for life insurance coverage in the total amount of Twenty-Five Thousand Two Hundred Forty-Nine Dollars ($25,249.00) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary upon the Decedent's death, pursuant to the terms of the Plan.

15. On or about May 21, 2009, Susan Denton executed a funeral home assignment to Goodrich Funeral Home, Inc. for $4,625. A true and correct copy of the funeral home assignment is attached hereto as Exhibit D.

16. On information and belief, Susan Denton owes $101.93 in delinquent taxes to the Commonwealth of Massachusetts. A true and correct copy of information obtained via the Massachusetts Department of Revenue Payment Intercept Program is attached hereto as Exhibit E.

17. On June 11, 2009, Susan Denton completed a statement of claim for the Plan Benefits. A true and correct copy of Susan Denton's statement of claim is attached

hereto as Exhibit F.

18. The Decedent and Jean Denton divorced on July 3, 1998. Jean Denton claims that she is entitled to the Plan Benefits based on a July 3, 1998 Massachusetts divorce decree (the "Divorce Decree"), which states in pertinent part, at page 9, that "Husband shall maintain a policy of life insurance in effect on his life with Wife as sole beneficiary until his death, with a death benefit of $50,000." A true and correct copy of the Divorce Decree is attached hereto as Exhibit G.

19. MetLife cannot safely determine whether the Divorce Decree constitutes a qualified domestic relations order ("QDRO") under ERISA, thus superseding the Plan terms for determining a beneficiary.

20. If the Court determines that the Divorce Decree is a QDRO, then the Plan Benefits would be payable to Jean Denton, based on the Divorce Decree.

21. If the Court determines that the Divorce Decree is not a QDRO, then the Plan Benefits would be payable to Susan Denton, based on the April 17, 2001 beneficiary designation form. However, in such case, the Court will also have to determine whether $101.93 should be deducted from the Plan Benefits to satisfy the Commonwealth of Massachusetts' tax lien and whether payment to Goodrich Funeral Home, Inc. in the amount of $4,625 is necessary to satisfy the funeral home assignment.

22. By letter dated July 6, 2009, MetLife advised the defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave the defendants an opportunity to try to resolve this matter in order to preserve the

Plan Benefits from litigation costs and fees. Upon information and belief, no agreement was reached. A true and correct copy of the July 6, 2009 letter is attached hereto as Exhibit H.

23. MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and GE to multiple claims and liability.

24. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom the Plan Benefits should be paid.

25. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever defendant the Court shall designate.

26. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

A. Restraining and enjoining the defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, GE or the Plan for the recovery of Plan Benefits, plus any applicable interest by reason of the death of the Decedent;

B. Requiring that defendants litigate or settle and agree between themselves their claims for the Plan Benefits, or upon their failure to do so, that this

       Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

C. Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus any applicable interest;

D. Dismissing MetLife with prejudice from this action and discharging MetLife, GE, and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

E. Awarding MetLife its costs and attorney's fees; and

F. Awarding MetLife such other and further relief as this Court deems just equitable and proper.

Respectfully submitted,

METROPOLITAN LIFE INSURANCE COMPANY

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED: November 5, 2009      By: /s/ Beth G. Catenza, Esq.
    Beth G. Catenza, Esq., BBO #670758
    9 Capitol Street
    P.O. Box 1256
    Concord, NH 03302-1256
    (603)224-2341
    e-mail: bcatenza@sulloway.com